UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAL ACTION PAINTBALL, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02435-MEJ<br><br>**ORDER RE: MOTION TO EXTEND TIME FOR PURPOSES OF TAKING DISCOVERY**<br><br>Re: Dkt. No. 13, 33 |

On July 18, 2014, Plaintiff Real Action Paintball, Inc. filed an Administrative Motion to Extend Time for Purposes of Taking Discovery, pursuant to Civil Local Rules 6-3 and 7-11. Dkt. No. 33. In its Motion, Plaintiff requests that the Court extend time to hear Defendants Perfect Circle Projectiles, LLC and Gary Gibson's pending Motion To Dismiss For Lack Of Personal Jurisdiction (Dkt. No. 13). Plaintiff seeks a four-month extension of time to conduct discovery regarding factual claims made by Defendants in their Motion. Defendants have filed an Opposition, in which they argue that Plaintiffs have not requested permission of the Court to serve jurisdictional discovery, and such relief exceeds what is permitted by an administrative motion brought under Local Rules 6-3 and 7-11. Dkt. No. 36. Defendants further argue that they would be prejudiced if they remain parties to an action in a forum to which they have no sufficient contacts.

Upon review of the parties' arguments, the Court finds that Plaintiff's Motion exceeds the scope of relief that can be sought by an administrative motion. However, based on the evidence presented, it is possible that Plaintiff can establish a colorable basis for personal jurisdiction.

Federal Rule of Civil Procedure 26(d)(2) allows a court to authorize expedited discovery for "convenience and in the interests of justice." The standard for authorizing expedited discovery

1    is "good cause," which "may be found where the need for expedited discovery, in consideration of

2    the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v.*

3    *Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

4    It is well established that a court may allow discovery to aid in determining whether it has

5    personal or subject matter jurisdiction. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406,

6    430 (9th Cir. 1997). "The matter is generally left to the discretion of the trial court." *Laub v. U.S.*

7    *Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Such discovery "should ordinarily be

8    granted where pertinent facts bearing on the question of jurisdiction are controverted or where a

9    more satisfactory showing of the facts is necessary." *Id.* (quoting *Butcher's Union Local No. 498*

10   *v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). A court may grant jurisdictional discovery if

11   the request is based on more than a "hunch that it might yield jurisdictionally relevant facts,"

12   *Boschetto v. Hansing*, 539 F.3d 1011, 1020, 1020 (9th Cir. 2008), or more than "bare allegations

13   in the face of specific denials." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)

14   (citation omitted). In *Laub*, the Ninth Circuit reversed the district court's denial of jurisdictional

15   discovery where there was a "reasonable probability" that the outcome of the motion to dismiss

16   would be different if discovery were permitted. *Laub*, 342 F.3d at 1093.

17   Indeed, it may be an abuse of discretion for a court to deny jurisdictional discovery where

18   such discovery "might well demonstrate" jurisdictionally relevant facts and the plaintiff is denied

19   the opportunity to develop the jurisdictional record. *See Rutsky & Co. Ins. Serv., Inc. v. Bell &*

20   *Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003); *Smug-mug, Inc. v. Virtual Photo Store, LLC*,

21   2009 WL 248003, at *3 (N.D. Cal. Aug. 13, 2009) (granting jurisdictional discovery request

22   "because the existing record is insufficient to support personal jurisdiction and [p]laintiff has

23   demonstrated that it can supplement its jurisdictional allegations through discovery").

24   In light of *Laub*, courts in this district have held that a plaintiff need not make out a prima

25   facie case of personal jurisdiction before it can obtain jurisdictional discovery. *See eMag*

26   *Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006)

27   (explaining that "[i]t would . . . be counterintuitive to require a plaintiff, prior to conducting

28   discovery, to meet the same burden that would be required to defeat a motion to dismiss")

(quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001)); *Focht v. Sol Melia S.A.*, 2010 WL 3155826, at *2 (N.D. Cal. Aug. 9, 2010). Rather, a plaintiff must present only a "colorable basis" for jurisdiction, or "some evidence" constituting a showing lesser than a prima facie case. *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Google, Inc. v. Egger*, 2009 WL 1228485, at *1 (N.D. Cal. Apr. 30, 2009); *eMag Solutions*, 2006 WL 3783548, at *2; *Focht*, 2010 WL 3155826, at *2.

Given this low threshold, it is likely that Plaintiff can present a colorable basis for jurisdiction. Accordingly, in an effort to preserve judicial resources and the parties' resources, the Court ORDERS as follows:

1) The parties shall meet and confer *in person* to determine whether they are able to reach an agreement permitting Plaintiff to conduct limited jurisdictional discovery in connection with Defendants' Motion to Dismiss. If the parties are able to reach an agreement, they shall file a stipulation and proposed order regarding the scope of discovery and subsequent briefing schedule on Defendants' Motion.

2) If the parties are unable to reach an agreement, Plaintiff shall file a motion pursuant to Civil Local Rule 7.

3) The hearing on Defendants' Motion to Dismiss is VACATED and all briefing is STAYED pending resolution of this jurisdictional discovery issue.

**IT IS SO ORDERED.**

Dated: July 22, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3