UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REAL ACTION PAINTBALL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ADVANCED TACTICAL ORDNANCE SYSTEMS, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-02435-MEJ<br><br>**ORDER RE DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE DISCOVERY ORDER; ORDER RE: JOINT LETTER DISPUTES**<br><br>Re: Dkt. Nos. 112, 117-19 |

## I.   INTRODUCTION

Pending before the Court is Defendants' motion for relief from Magistrate Judge Nandor Vadas' October 21, 2014 Discovery Order. Dkt. No. 112 ("Mot."). Additionally, the parties recently submitted three letter briefs outlining a number of disputes largely involving the same issues as discussed here. *See* Dkt. Nos. 117-19. After carefully reviewing the parties' positions, relevant legal authority, and the record in this case, for the reasons described below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for relief. The Court also DENIES WITHOUT PREJUDICE the parties' three letter briefs, Dkt. Nos. 117-19, and orders the parties to further meet and confer on those disputes in light of this order.

## II.   BACKGROUND

On May 27, 2014, Plaintiff Real Action Paintball, Inc. ("RAP4") filed the present Complaint against Advanced Tactical Ordnance Systems, LLC ("ATO"), Perfect Circle Projectiles LLC ("Perfect Circle"), Tiberius Arms LLC ("Tiberius Arms"), and individual Defendants Gary Gibson (an owner of Perfect Circle), Tyler Tiberius (an owner of Tiberius Arms), Michael Blumenthal, and David Piell (attorneys to ATO) (collectively "Defendants").[1] Compl., Dkt. No.

---

[1] RAP4 also brought suit against Robert N. Trgovich, the Clerk of the United States District Court

1.[2] The Complaint alleges 17 claims, including *inter alia* allegations that Defendants tortuously interfered with RAP4's California contracts, formed a civil conspiracy, and restrained trade in violation of California and Federal antitrust laws by forming agreements with California residents to refrain from doing business with RAP4, which is a California resident. Compl. ¶¶ 13, 16, 29, 30, 65-73, 100-112. Subsequently, four Defendants—Gibson, Perfect Circle, Blumenthal, and Piell—filed motions to dismiss for lack of personal jurisdiction. Dkt. Nos. 13, 39.

On August 28, 2014, the Court ordered that, pending resolution of these Defendants' motions to dismiss, all discovery in this case would be limited to that which aids in determining whether the Court has jurisdiction. Dkt. No. 80 ("Aug. 28 Order"). Not long after, pursuant to the Court's Discovery Standing Order, the parties filed two letter briefs addressing the disputes that are the underlying subjects of this order. *See* Dkt. Nos. 87-88. The Court referred resolution of these letter briefs to Magistrate Judge Nandor Vadas, who held a hearing on the disputes on October 10. Dkt. No. 105. At the hearing, Judge Vadas advised the parties that he would allow the discovery to go forward under a protective order and ordered counsel to submit proposed orders. *Id.* The parties submitted their proposed discovery orders on October 14. Dkt. No. 97. Judge Vadas issued an order adopting Plaintiffs' proposed discovery order on October 21. Dkt. No. 110 ("Oct. 21 Order"). The following day, Defendants filed a motion to stay and for relief from the Oct. 21 Order. Dkt. No. 112 ("Mot."). The Court granted the objecting Defendants' motion to stay and ordered RAP4 to respond. Dkt. No. 114. RAP4 filed its response on October 30. Dkt. No. 116 ("Opp'n").

The underlying subjects of this dispute concern four subpoenas issued by RAP4 to non-parties Krasnow Saunders ("Krasnow"), Conrad Sun ("Sun"), Hoover Hull LLP ("Hoover"), and FedBid, Inc. (collectively, the "Subpoenas"). *See* Declaration of John K. Kirke ("Kirke Decl."), Dkt. No. 113, Ex. A. None of the subpoenaed parties objected to the Subpoenas or moved to quash them, but Defendants contended that the Subpoenas sought documents unrelated

---

for the Northern District of Indiana. Mr. Trgovich is not involved in this discovery dispute.
[2] Previously RAP4 was the defendant in a suit brought by ATO in *Advanced Tactical Sys., LLC v. Real Action Paintball, Inc.*, Case No. 1:12-CV-296-JVB (N.D. Ind.) (the "Indiana Action"). The Seventh Circuit Court of Appeals dismissed the Indiana Action for lack of personal jurisdiction over RAP4. RAP4 then filed this action against the Defendants. Mot. at 1.

2

1  to jurisdiction and went beyond the scope of discovery established by the Court's August 28
2  Order. Dkt. Nos. 87-88. RAP4 disagreed, asserting that the documents sought are relevant to the
3  Court's jurisdiction determination. *Id.* The October 21 Order found the subpoenaed documents
4  relevant to the issue of personal jurisdiction and ordered Krasnow, Sun, Hoover, and FedBid to
5  respond to the Subpoenas within 14 days of that Order. Defendants now challenge the October 21
6  Order, arguing that it conflicts with this Court's August 28 Order by permitting discovery
7  unrelated to jurisdiction.

### III.  STANDARD OF REVIEW

A district court may modify or set aside a magistrate judge's nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate judge's resolution of a discovery dispute is "entitled to great deference." *Doubt v. NCR Corp.*, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011). "A finding of fact is clearly erroneous" if the court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, 1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. Nat'l Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989)). Further, as a matter of logic, where the district court has issued an order limiting the scope of discovery for a particular matter, the district court may clarify its prior order in modifying the magistrate's nondispositive order.

### IV.  LEGAL STANDARD

A district court's decision whether to permit jurisdictional discovery is a discretionary one. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th

Cir. 1989) (noting it is not an abuse of discretion to deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction") (quoting *Wells Fargo*, 556 F.2d at 431 n.24). A court may grant jurisdictional discovery if the request is based on more than a "hunch that it might yield jurisdictionally relevant facts," *see Boschetto*, 539 F.3d at 1020, or more than "bare allegations in the face of specific denials." *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted). A court may abuse its discretion by denying jurisdictional discovery where such discovery "might well demonstrate" jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record. *See Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003); *Smugmug, Inc. v. Virtual Photo Store, LLC*, 2009 WL 2488003, at *3 (N.D. Cal. Aug. 13, 2009) (allowing jurisdictional discovery "because the existing record is insufficient to support personal jurisdiction and [p]laintiff has demonstrated that it can supplement its jurisdictional allegations through discovery").

## V.   DISCUSSION

Defendants seek relief from the October 21 Order on the ground that it is inconsistent with this Court's August 28 Order limiting discovery to that which aids in determining whether the Court has jurisdiction. Defendants argue that RAP4's Subpoenas are beyond the scope of the August 28 Order because (1) RAP4 cannot use ATO's contacts with California to establish personal jurisdiction over ATO's agents or related entities; and (2) the subpoenaed documents relate only to whether ATO had contacts with California, not whether the non-ATO Defendants had contacts with California. Mot. at 3.[3] The Court addresses Defendants' arguments in turn below.

### A.   Agents, Related Entities, and Establishing Personal Jurisdiction

Defendants argue that the act of an agent on behalf of a corporation is not grounds for

---

[3] RAP4 argues that Defendants' motion should be summarily denied because their motion does not fully comply with Civil Local Rule 72-2, which requires them to set forth specifically the portions of the Magistrate Judge's findings to which an objection is made, the reasons supporting the motion, and the action requested, as well as including with the motion a proposed order. *See* Civil L.R. 72-2. While the parties must comply with the Local Rules, the Court finds that Defendants' error does not warrant summary denial.

4

personal jurisdiction of the agent. Mot. at 3 (citing *Grober v. Mako Prods., Inc.*, 686 F.3d 1335 (Fed. Cir. 2012), *reh'g denied* (Sep. 14, 2012)[4] and *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981)). Defendants also argue that a corporation's contacts within a state do not establish jurisdiction over a related entity. *Id.* (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)).

Defendants' articulation of these standards is somewhat overbroad. In *Calder v. Jones*, 465 U.S. 783 (1984), the United States Supreme Court instructed that "[e]ach defendant's contacts with the forum State must be assessed individually" and specifically held that the defendants' "status as employees does not somehow insulate them from jurisdiction[.]" *Id.* at 790 (citation omitted); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (noting that *Calder* rejected "the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity"). The Ninth Circuit has noted that neither *Calder* nor *Keeton* considered "the existence of a state-created corporate form to create a due process limit on jurisdiction." *Davis v. Metro Prods., Inc.* 885 F.2d 515, 521-22 (9th Cir. 1989); *see also j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, 2009 WL 29905, at *7 (N.D. Cal. Jan. 5, 2009) (interpreting *Davis* and finding "the fiduciary shield doctrine does not prevent this court from exercising jurisdiction over [defendant] merely because his acts in California were undertaken in an official, business capacity."); *accord ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 177 (4th Cir. 2002) (interpreting *Calder* and holding that "the court's exercise of jurisdiction was proper if [the agent] had sufficient contacts with Virginia, even if those contacts were made ostensibly on behalf of [the corporation]").

Additionally, while Defendants cite *Holland America Line* for the proposition that "where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other[,]" that case specifically notes that this is the "general rule" thereby implying that there are exceptions. 485 F.3d at 459 (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) (describing exceptions)). Thus, while ATO's contacts

---

[4] Defendants incorrectly cited this case as a Ninth Circuit case; it is a Federal Circuit case. *See Grober*, 686 F.3d at 1345. *Grober* is nevertheless persuasive authority and cites Ninth Circuit case law for its analysis of the fiduciary shield doctrine. *See id.* at 1347.

with California will not alone tie ATO's officers, agents, or related entities to this forum, this does not mean that discovery related those contacts is necessarily meaningless to the jurisdictional analysis; there are nuances to all these principles, and the parties are responsible for investigating them and developing their arguments accordingly.

In any case, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at 790 (1984). The United States Supreme Court recently revisited personal jurisdiction in *Walden v. Fiore*, 134 S. Ct. 1115 (2014) and explained that in *Calder* personal jurisdiction was properly exercised over the employee defendants because "[e]ven though the defendants did not circulate the article themselves, they 'expressly aimed' 'their intentional, and allegedly tortious, actions' at California because they knew the National Enquirer 'ha[d] its largest circulation' in California, and that the article would 'have a potentially devastating impact' there." *Id*. at 1124 n.7 (citing *Calder*, 465 U.S. at 789-90)). "The crux of *Calder* was that the reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff." *Id.* at 1123-24. Simply put, "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 1122 (citations omitted).[5] In light of the foregoing, the relevant jurisdictional discovery in this case relates to each Defendant's contacts with California and the effects of that Defendant's conduct that connect him/it to California, not just to RAP4.

**B.     The Subpoenaed Documents and Jurisdictional Relevance**

The Court next considers the individual Subpoenas and Defendants' second argument, that the subpoenaed documents relate only to whether ATO had contacts with California, not whether the non-ATO Defendants had contacts with California.

1.     Sun, Hoover, and Krasnow Subpoenas

Three of RAP4's Subpoenas relate to agreements negotiated by Defendants with Sun and

---

[5] *See also Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) (an out-of-state attorney's legal representation in a forum did not by itself establish personal jurisdiction); *but see Dillon v. Murphy & Hourihane, LLP*, 2014 WL 5409040, at *5-9 (N.D. Cal. Oct. 22, 2014) (interpreting *Walden* and *Sher* and finding plaintiff met its prima facie burden of showing that out-of-state law firm was subject to personal jurisdiction in California).

1  APON International, Inc. ("APON"), respectively the alleged broker and manufacturer of certain
2  irritant projectiles at issue in this case. Compl. ¶ 16. RAP4's Complaint alleges that these
3  agreements interfered with RAP4's California contracts, restrained trade in California, and caused
4  injury to RAP4 in California. Oct. 21 Order at 2. These subpoenas specifically seek agreements
5  between ATO and APON, as well as agreements between ATO and Sun, which includes the
6  agreement that resulted in Sun's dismissal from the Indiana Action. *Id.*; *see also* Kirke Decl., Ex.
7  A. The subpoenas also seek correspondence related to those agreements. *Id.*

8  Defendants recognize that the subpoenas seek "the settlement agreements between ATO
9  and certain defendants in the Indiana Action and related communications" but object on the
10  ground that "the subpoenas relate mostly to ATO, not to defendants who have moved to dismiss
11  for lack of personal jurisdiction." Mot. at 1-2. They argue that "[t]he documents sought by the
12  settlement-related subpoenas show only ATO's contacts with California which cannot be extended
13  against the other defendants[.]" *Id*. at 3. In response, RAP4 argues that it is impossible to know
14  what the documents show because they have not yet been produced. Opp'n at 4. RAP4, however,
15  expects that "this evidence will be combined with other evidence to establish personal jurisdiction
16  over each defendant." *Id.*; *see also* Dkt. No. 87 at 5; Dkt. No. 88 at 4.

17  While there are limits to this argument, the Court will permit RAP4 some latitude here.
18  RAP4 alleges that Defendants—including the non-ATO defendants—interfered with California
19  contracts and conspired to restrain trade in California in part through the use of the agreements
20  with Sun and APON. These agreements, in combination with other evidence, could be useful to
21  the personal jurisdiction analysis in showing that the Defendants' conduct connected them to
22  California. *See* Kirke Decl., Ex. A (Kransow and Hoover subpoenas seek agreements between
23  ATO and any person or entity in California, as well as ATO agreements "in which the obligation
24  to refrain from engaging in commerce, trade or business does not exclude the State of California
25  from its application.").

26  Regarding the correspondence sought, Defendants argue that RAP4 seeks only documents
27  related to communications between ATO's counsel and the Hoover and Krasnow firms (counsel
28  for APON and Sun respectively). While RAP4's subpoenas are limited in this respect, two of the

7

Defendants named in the relevant claims are indeed ATO's counsel, Blumenthal and Piell. As the Court will ultimately rule on these Defendants' motions for lack of personal jurisdiction, discovery that "might well demonstrate" jurisdictionally relevant facts about these Defendants' contacts with the forum State is permissible. Although these Defendants' representation of ATO alone may be insufficient to establish personal jurisdiction, it is possible that evidence related to this representation, in conjunction with other facts, may be useful to the jurisdictional analysis.

### 2. FedBid Subpoena

The last subpoena requests all communications between FedBid and certain Defendants relating to two bids by RAP4, as well as documents concerning why those bids were later cancelled. *See* Kirke Decl., Ex. A. Defendants argue that it is unclear how communications between any Defendant and FedBid create contacts with California, noting that RAP4 did not tailor the subpoena's scope to commerce with California entities or deliveries. Mot. at 5. RAP4 responds that because it "was the bidder on these specific contracts, and because *it* is in California, the cancellation of the contracts at Defendants' behest necessarily caused harm in California." Opp'n at 5 (emphasis in original). The October 21 Order states that "RAP4 expects the documents to show that the Defendants (including the non-ATO Defendants) knew that RAP4 was in California and that the Defendants 'expressly calculated' for the cancellation to 'cause injury' to RAP4 in California." Oct. 21 Order at 5 (citing *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1198 (9th Cir. 1988)).

As described above, "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden*, 134 S. Ct. at 1125-26 (where the defendant's "relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State [did] not suffice to authorize jurisdiction."); *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *as corrected* (May 12, 2014) (interpreting *Walden* and finding the district court erred in basing personal jurisdiction on defendant's knowledge that plaintiff was an Indiana company and that its actions would harm the

8

plaintiff in Indiana). Even in *Sinatra* the injury to the plaintiff was not the defendant's only connection with the forum, but rather "the misappropriation [was] properly viewed as an event within a sequence of activities designed to use California markets for the defendant's benefit." 854 F.2d at 1197.

While a court may grant jurisdictional discovery if the request is based on more than a "hunch that it might yield jurisdictionally relevant facts" or more than "bare allegations in the face of specific denials[,]" it is unclear how the FedBid subpoena relates to California beyond allegedly causing injury to RAP4 in California. RAP4 provides no other argument as to why the evidence might be relevant to the connecting the Defendants' suit-related conduct to California. Unlike the Krasnow, Hoover, and Sun subpoenas that, when combined with other evidence, may show the relevant Defendants engaged in conduct connecting them with California (such as allegedly tortuously interfering with California contracts, forming agreements with California companies, and restraining trade in California), RAP4 does not explain how evidence sought in the FedBid subpoena could establish any Defendant's contacts to California except for injury to RAP4 there.

Although at the October 10 hearing RAP4's counsel asserted that the FedBid subpoena relates to its restraint of trade claim, RAP4's Complaint (and its intended Amended Complaint, *see* Dkt. No. 99-1) only alleges its restraint of trade claim against ATO and Perfect Circle. Perfect Circle is one of the Defendants moving to dismiss for lack of personal jurisdiction, but RAP4 does not articulate how the FedBid subpoena relates to Perfect Circle. RAP4's FedBid subpoena never mentions Perfect Circle and the Court is left guessing as to how RAP4 might connect Perfect Circle to California through the evidence sought in this subpoena. Perhaps the FedBid documents could somehow be shown to relate to establishing jurisdiction over some Defendant, but, at present, support for that connection is lacking, and a mere hunch about this subpoena's relevance is insufficient. The parties should be able to articulate how the discovery they seek might well demonstrate jurisdictionally relevant facts.

## VI. CONCLUSION

Based on the analysis above, the Court orders the following:

1. The motion for relief concerning the Krasnow, Hoover, and Sun subpoenas is

        DENIED. Krasnow, Hoover, and Sun shall respond to the subpoenas within 14 days of this order in compliance with the parties' Protective Order in this case (Dkt. No. 77)[6];

2.    The motion for relief concerning the FedBid subpoena is GRANTED WITHOUT PREJUDICE; and

3.    The parties' three letter briefs, Dkt. Nos. 117-19, are DENIED WITH PREJUDICE.

In modifying Judge Vadas's October 21 Order, the Court clarifies the intended scope of its August 28 Order, which previously did not articulate the parameters for the jurisdictional analysis. Going forward, the parties are to abide by the standards and principles articulated in this order and tailor their jurisdictional discovery accordingly. Further, given that the parties' recently submitted letter briefs, Dkt. Nos. 117-19, are largely copied from their arguments in the letter briefs addressed in this order, the Court hereby orders the parties to meet and confer again on those disputes in light of this order. If disputes remain, the parties may raise those disputes again at that time. All further discovery matters are hereby referred to Judge Vadas.

**IT IS SO ORDERED.**

Dated: November 10, 2014

                                                                          MARIA-ELENA JAMES  
                                                                          United States Magistrate Judge

---

[6] Judge Vadas' October 21 Order raised the issue that the parties' current protective order did not adequately address the parties' confidentiality. Should the parties wish to amend that order, they may raise that with the Court by Stipulation in compliance with the Court's Standing Order.